## St. Patrick's Roman Catholic Church of East St. Louis

*v.*

## Stephen Abst.

1. Church society—*liable for services performed.* Where the plaintiff was employed as sexton of a church organized under the statute, by a majority of the trustees, and as such performed services for nearly a year, it was *held*, that he was entitled to recover for his services, and the fact that the ladies of the Altar Society were to contribute one-half of the sum will not affect the right to recover the whole from the church, nor will the fact that the officers of the church violated its by-laws in contracting the indebtedness.

2. Same—*temporal affairs defined.* The temporal affairs of a church are understood to be the revenues, lands' and tenements, in other words, secular possessions, with which it is endowed. The hiring of a sexton to perform the duties incident to his office has nothing to do with the management of the temporalities of the church.

3. It matters not whether the by-laws of a church were observed in the employment of one as sexton, if the church accepts the services and work done by him. In such case it will be liable to pay for the same.

Appeal from the Circuit Court of St. Clair county; the Hon. William H. Snyder, Judge, presiding.

Mr. Charles Conlon, and Mr. Luke H. Hite, for the appellant.

Mr. E. A. McConaughy, and Mr. W. E. Ward, for the appellee.

Mr. Justice Breese delivered the opinion of the Court:

This was assumpsit, in the St. Clair circuit court, tried by a jury on the general issue, and resulting in a verdict and judgment for the plaintiff. The defendant corporation appeals, and makes the single point that the corporation is not liable, citing sections 14 and 15 of the act of 1869, under which it was organized, and also section nine of the by-laws of the corporation.

We do not understand sections 14 and 15 as controling this case, or affecting it in any way. Hiring a sexton to perform the duties incident to such an office, has nothing to do with the management of "the temporalities" of the church. They are understood to be, the revenues, lands and tenements, to be managed according to the charter and the by-laws; in other words, secular possessions with which a church may be endowed. The sexton is a subordinate officer of the church, whose duty it is, as plaintiff testified, to clean the church, fixing it up, keeping it in order; go of errands for the priest in relation to church matters, and generally, about such matters, to obey the directions of the priest. The sextons of some churches take care of the building, the furniture, utensils, etc.

This employment of plaintiff was procured by the priest, one of the three trustees, and known and approved by another, and the church, without making any objection, has received, for nearly one year, the services of appellee. The fact that the ninth section of the by-laws of the corporation has not been complied with by the trustees, can not prejudice the plaintiff. A majority of the trustees employed him to do these services for the church, and the church should pay their value. The fact that part of the stipulated sum was to be made up by the ladies of the Altar does not change the nature of plaintiff's undertaking. As we understand it, the priest was to pay him twenty dollars per month, one-half of which the ladies of the Altar were to contribute to the priest.

We see no objection to the instruction given for the plaintiff, as it was in conformity with the views here presented.

The judgment is just, and must be affirmed.

*Judgment affirmed.*